FILED - SOUTHERN DIVISION
CLERK, U.S. DISTRICT COURT

APR 10 2013

CENTRAL DISTRICT OF CALIFORNIA
BY s hy          DEPUTY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| KIM PACE-WHITE, | Case No. EDCV 13-589 SJO (AN) |
| Petitioner, | ORDER DISMISSING ACTION WITHOUT PREJUDICE |
| v. | |
| DEBRA K. JOHNSON, WARDEN, | |
| Respondent. | |

## I. Background

On April 1, 2013, Kim Pace-White, a state prisoner, submitted a "notice to file petition for writ of habeas corpus by a person in state custody" to the clerk's office, which was construed and filed as a federal habeas petition brought pursuant to 28 U.S.C. § 2254 ("Petition"). The Petition does not raise any habeas claims. Instead, it simply notifies the Court that Petitioner has filed a state habeas petition with the California Supreme Court (case no. S209486).

For the reasons discussed below, the action is dismissed without prejudice.

///
///

## II. Discussion

### A. Standard of Review

Habeas petitions brought pursuant to § 2254 are subject to the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254 ("Habeas Rules") and this Court's Local Rules. The Habeas Rules expressly provide that a district court must promptly examine a § 2254 petition before service and "[I]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Habeas Rule 4; *Mayle v. Felix*, 545 U.S. 644, 656, 125 S. Ct. 2562 (2005); *see also* Local Rule 72-3.2 (authorizing magistrate judge to prepare proposed order for summary dismissal and proposed judgment for district judge if it plainly appears from the face of petition that petitioner is not entitled to relief).

Further, in *Felix*, the United States Supreme Court emphasized that a § 2254 petition must provide "a more detailed statement" than a standard civil complaint and "specify all the grounds for relief available to the petitioner [and] state the facts supporting each ground[;]" typical notice pleading under Fed. R. Civ. P. 8(c) is insufficient. *Felix*, 545 U.S. at 656; *see also* Habeas Rule 4, Advisory Committee Notes (1976 Adoption) (stating "it is the duty of the court to screen out frivolous applications and eliminate the burden that would be placed on the respondent by ordering an unnecessary answer . . . . In addition, 'notice' pleading is not sufficient, for the petition is expected to state facts that point to a 'real possibility of constitutional error'").

### B. Analysis

Federal courts are limited in the exercise of their judicial power to "cases" or "controversies." U.S. CONST. Art. III, § 2. A justiciable case or controversy does not include a dispute of a hypothetical or abstract character. *Aetna Life Ins. Co. v. Haworth*, 300 U.S. 227, 240, 57 S. Ct. 461, 81 L. Ed. 617 (1937). The case or controversy must be definite and concrete. *Id.* That is, it must be a real and substantial controversy admitting of specific relief through a decree of a conclusive character. *Id.* at 241. Courts do not sit

to decide hypothetical issues or to give advisory opinions. *Princeton University v. Schmid*, 455 U.S. 100, 102, 102 S. Ct. 867, 70 L. Ed. 2d 855 (1982). Consequently, a court may not toll the statue of limitations with respect to claims not yet filed. *United States v. Cook* 795 F.2d 987, 994 (Fed. Cir. 1986).

In light of the foregoing, the Court finds it must dismiss Petitioner's "Petition" because it does not raise any justiciable federal habeas claims and, as such, it does not raise an actual case or controversy for this Court to adjudicate. Nor does it set forth any facts that point to a real possibility of constitutional error.

Accordingly, the reference to the magistrate judge is vacated and the action is dismissed without prejudice. The clerk is directed to enter a judgment dismissing the action without prejudice and notify Petitioner.

IT IS SO ORDERED.

Dated: April 9, 2013

_____
S. JAMES OTERO
UNITED STATES DISTRICT JUDGE

Presented by:

_____
Arthur Nakazato
United States Magistrate Judge