1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

FILED - SOUTHERN DIVISION
CLERK, U.S. DISTRICT COURT

APR 1 0 2013

CENTRAL DISTRICT OF CALIFORNIA
BY .shy                    DEPUTY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

KIM PACE-WHITE,

      Petitioner,

    v.

DEBRA K. JOHNSON, WARDEN,

      Respondent.

Case No. EDCV 13-589 SJO (AN)

ORDER DISMISSING ACTION
WITHOUT PREJUDICE

**I. Background**

On April 1, 2013, Kim Pace-White, a state prisoner, submitted a "notice to file petition for writ of habeas corpus by a person in state custody" to the clerk's office, which was construed and filed as a federal habeas petition brought pursuant to 28 U.S.C. § 2254 ("Petition"). The Petition does not raise any habeas claims. Instead, it simply notifies the Court that Petitioner has filed a state habeas petition with the California Supreme Court (case no. S209486).

For the reasons discussed below, the action is dismissed without prejudice.

///

///

1

## II. Discussion

2 **A.    Standard of Review**

3            Habeas petitions brought pursuant to § 2254 are subject to the Rules Governing
4  Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254 ("Habeas
5  Rules") and this Court's Local Rules.  The Habeas Rules expressly provide that a district
6  court must promptly examine a § 2254 petition before service and "[I]f it plainly appears
7  from the petition and any attached exhibits that the petitioner is not entitled to relief in
8  the district court, the judge must dismiss the petition and direct the clerk to notify the
9  petitioner."  Habeas Rule 4; *Mayle v. Felix*, 545 U.S. 644, 656, 125 S. Ct. 2562 (2005);
10 *see also* Local Rule 72-3.2 (authorizing magistrate judge to prepare proposed order for
11 summary dismissal and proposed judgment for district judge if it plainly appears from the
12 face of petition that petitioner is not entitled to relief).

13            Further, in *Felix*, the United States Supreme Court emphasized that a § 2254
14 petition must provide "a more detailed statement" than a standard civil complaint and
15 "specify all the grounds for relief available to the petitioner [and] state the facts
16 supporting each ground[;]" typical notice pleading under Fed. R. Civ. P. 8(c) is
17 insufficient.  *Felix*, 545 U.S. at 656; *see also* Habeas Rule 4, Advisory Committee Notes
18 (1976 Adoption) (stating "it is the duty of the court to screen out frivolous applications
19 and eliminate the burden that would be placed on the respondent by ordering an
20 unnecessary answer . . . . In addition, 'notice' pleading is not sufficient, for the petition
21 is expected to state facts that point to a 'real possibility of constitutional error'").

22 **B.    Analysis**

23            Federal courts are limited in the exercise of their judicial power to "cases" or
24 "controversies."  U.S. CONST. Art. III, § 2.  A justiciable case or controversy does not
25 include a dispute of a hypothetical or abstract character. *Aetna Life Ins. Co. v. Haworth*,
26 300 U.S. 227, 240, 57 S. Ct. 461, 81 L. Ed. 617 (1937).  The case or controversy must be
27 definite and concrete. *Id.*  That is, it must be a real and substantial controversy admitting
28 of specific relief through a decree of a conclusive character. *Id.* at 241.  Courts do not sit

2

1  to decide hypothetical issues or to give advisory opinions. *Princeton University v.*
2  *Schmid*, 455 U.S. 100, 102, 102 S. Ct. 867, 70 L. Ed. 2d 855 (1982). Consequently, a
3  court may not toll the statue of limitations with respect to claims not yet filed. *United*
4  *States v. Cook* 795 F.2d 987, 994 (Fed. Cir. 1986).

5      In light of the foregoing, the Court finds it must dismiss Petitioner's "Petition"
6  because it does not raise any justiciable federal habeas claims and, as such, it does not
7  raise an actual case or controversy for this Court to adjudicate. Nor does it set forth any
8  facts that point to a real possibility of constitutional error.

9      Accordingly, the reference to the magistrate judge is vacated and the action is
10  dismissed without prejudice. The clerk is directed to enter a judgment dismissing the
11  action without prejudice and notify Petitioner.

12
13      IT IS SO ORDERED.
14
15
16  Dated: April 9,2013

    S. James Otero
    _____
    S. JAMES OTERO
    UNITED STATES DISTRICT JUDGE
17
18
19  Presented by:
20
21
22  Arthur Nakazato
    United States Magistrate Judge
23
24
25
26
27
28

3